UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRIS EVANOW , <br><br> Plaintiff, <br><br> v. <br><br> TRIDENT SEAFOODS CORPORATION, <br><br> Defendant. | CASE NO. C23-0995-KKE <br><br> ORDER GRANTING PARTIES' SECOND STIPULATED MOTION TO EXTEND THE CASE SCHEDULE |

This matter comes before the Court on the parties' second stipulated motion to continue the trial date and related dates.  Dkt. No. 25.  The Court finds good cause to extend the case schedule.  Accordingly, the case schedule is amended as follows:

| **Deadline** | **Prior Deadline** | **Current Deadline** |
|---|---|---|
| JURY TRIAL SET FOR 9:30 a.m. on | 10/7/2024 | 4/28/2025 |
| Length of trial | 5 days | 5 days |
| Deadline for joining additional parties | 1/9/2024 | |
| Deadline for filing amended pleadings | 2/6/2024 | 4/30/2024 |
| Disclosure of expert testimony under FRCP 26(a)(2) due | 3/11/2024 | 9/30/2024 |
| All motions related to discovery must be filed by | | 10/30/2024 |

ORDER GRANTING PARTIES' SECOND STIPULATED MOTION TO EXTEND THE CASE SCHEDULE - 1

| | | |
|---|---|---|
| Discovery must be completed by | 5/10/2024 | 11/29/2024 |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)). Such motions must be noted for consideration no later than the fourth Friday thereafter (*see* LCR 7(d)). | 6/10/2024 | 12/30/2024 |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | | 2/27/2025 |
| All motions in limine must be filed by | 9/3/2024 | 3/24/2025 |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 9/16/2024 | 4/7/2025 |
| Trial briefs, proposed voir dire questions, and deposition designations due | 9/23/2024 | 4/14/2025 |
| Pretrial Conference at 10:00 a.m. on | 9/27/2024 | 4/18/2025 |

All other dates are specified in the Local Civil Rules. The dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Diyana Staples, Courtroom Deputy, at Diyana_Staples@wawd.uscourts.gov in writing within ten (10) days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

### PROCEDURE FOR DISCOVERY DISPUTES

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. If agreement is not possible, prior to the filing of any discovery motions, the Court directs

ORDER GRANTING PARTIES' SECOND STIPULATED MOTION TO EXTEND THE CASE SCHEDULE - 2

the parties to request a conference with the Court. *See* Fed. R. Civ. P. 16(b)(3)(B)(v). The movant must submit a joint statement to the Court briefly identifying the issue(s) in dispute. The joint statement shall be no more than three pages and shall be filed via CM/ECF. Thereafter, the movant should contact Diyana Staples at Diyana_Staples@wawd.uscourts.gov to schedule a conference.

**EXHIBITS**

Counsel are directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as detailed below. The parties must deliver two copies of their respective trial exhibits to Diyana Staples, Courtroom Deputy, seven days before the trial date. Each exhibit shall be clearly marked. The Court hereby alters the LCR 16.1 procedure for numbering exhibits: Plaintiff(s)' exhibits shall be numbered consecutively beginning with 1; Defendant(s)' exhibits shall be numbered consecutively beginning with 500. Duplicate documents shall not be listed twice. Once a party has identified an exhibit in the pretrial order, it may be used by any party. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

In addition, no later than seven days before the trial date, the parties should send an electronic copy of all exhibits in .PDF format with Optical Character Recognition ("OCR") searchable text to Diyana Staples, Courtroom Deputy, at Diyana_Staples@wawd.uscourts.gov. The parties should notify the Court of any physical objects or files that cannot be transmitted electronically. Exhibits must be marked as described above, and the following protocols also apply: (1) Electronic exhibits must be transmitted individually (i.e., one exhibit per file), but exhibits may have multiple pages; (2) Exhibit file names should match the descriptions listed on the joint exhibit list as closely as possible except that file names should not exceed 80 characters, e.g., Ex. 1 − Accident Scene Photo; Ex. 501− Email dated 4−03−23.

**PRIVACY**

Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the Court or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court:

- Dates of Birth − redact to the year of birth, unless deceased.
- Names of Minor Children − redact to the initials, unless deceased or currently over the age of 18.
- Social Security or Taxpayer Identification Numbers − redact in their entirety.
- Financial Accounting Information − redact to the last four digits.
- Passport Numbers and Driver License Numbers − redact in their entirety.

Parties in social security appeals and immigration cases shall comply with LCR 5.2(c).

**SETTLEMENT**

If this case settles, counsel shall notify Diyana Staples via email at Diyana_Staples@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the courtroom deputy prompt notice of settlement may be subject to sanctions.

Dated this 6th day of March, 2024.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge